*Decision will be entered under Rule 50.*

ALASKA SUNSET MINES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102362. Promulgated April 17, 1941.

*Tracy E. Griffin, Esq.,* for the petitioner.
*Byron M. Coon, Esq.,* for the respondent.

---

[1] SEC. 26. CREDITS OF CORPORATIONS.

In the case of a corporation the following credits shall be allowed  *  *  *

\*        \*        \*        \*        \*        \*        \*

(c) CONTRACTS RESTRICTING PAYMENT OF DIVIDENDS.—

(1) PROHIBITION ON PAYMENT OF DIVIDENDS.—An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the payment of dividends.  *  *  *

(2) DISPOSITION OF PROFITS OF TAXABLE YEAR.—An amount equal to the portion of the earnings and profits of the taxable year which is required (by a provision of a written contract executed by the corporation prior to May 1, 1936, which provision expressly deals with the disposition of earnings and profits of the taxable year) to be paid within the taxable year in discharge of a debt, or to be irrevocably set aside within the taxable year for the discharge of a debt; to the extent that such amount has been so paid or set aside.  *  *  *

HILL: The issue submitted in this case is whether or not petitioner is entitled to a credit in any amount against adjusted net income under section 26 (c) of the Revenue Act of 1936, quoted *supra*, on account of a contract executed prior to May 1, 1936, restricting payment of dividends or requiring a payment within the taxable year out of profits in discharge of a debt.

Petitioner's contentions do not clearly appear from the record. In its income tax return for 1937, in the undistributed profits surtax computation, petitioner claimed a dividends-paid credit of $134,-841.29, which included a dividend carry-over from the preceding year of $94,008.08, but on brief petitioner says that it asserts no rights under section 27 (b) (2), providing for the dividend carry-over. In its petition, petitioner assigned as error the failure of respondent to allow a dividend credit under subdivision (2) of section 26 (c), *supra*, on account of $100,000 of preferred stock redeemed during the year 1937. In its original brief petitioner states that the payment in retirement of the preferred stock, because of the Baldwin contract, constituted an allowable dividend-paid credit in the amount of $26,-268.21 under subdivision (2) of section 26 (c). Yet petitioner presents some argument that it is entitled to credit also under subdivision 1 of that section.

Petitioner on brief disavows any claim of credit on account of a dividend carry-over under section 27 (b) (2), and we think it has shown no right to any credit under either subdivision of section 26 (c).

Under the Baldwin contract, petitioner purchased a dredge upon certain terms and for a stated consideration. As a part of the consideration for the sale of the dredge, petitioner agreed to raise additional capital to finance its mining operations in an amount of not less than $60,000 and further agreed that all of its preferred stock should be called in and retired before payment of any dividends on its common stock. The contract did not require petitioner to redeem its preferred stock at any time, nor that it should be redeemed out of profits. Petitioner simply was prohibited from declaring any dividends on its common stock until the preferred stock had been redeemed.

During the taxable year petitioner, for reasons satisfactory to it, decided to and did call in and redeem all of its preferred stock, and thereafter there was no restriction on the payment of dividends on its common stock. The amount required to redeem was materially in excess of the net profits as computed both by petitioner and respondent. Obviously, therefore, petitioner used other funds at least in part to effect such redemption. The fact that petitioner elected to use

its profits to redeem its preferred stock, in the absence of any contractual requirement, does not entitle it to a credit under section 26 (c) (1). If it had elected to invest its profits in other assets, it would hardly have contended that it would thereby be entitled to such credit. Since the contract which prohibited the payment of dividends on common stock was fully discharged within the taxable year, section 26 (c) (1) can have no application, notwithstanding that petitioner did in fact apply its net profits of the taxable year in redemption of the preferred stock. Cf. *Hub Clothing House, Ltd.*, 39 B. T. A. 900; *Henry Mill & Timber Co.*, 43 B. T. A. 1073.

Petitioner is in no better position in respect of its principal contention, more strongly urged, that it is entitled to credit under subdivision (2) of section 26 (c). That subdivision, so far as pertinent here, allows as a credit an amount equal to the portion of the earnings and profits of the taxable year which is required by a provision of a written contract, expressly dealing with the disposition of earnings and profits of the taxable year, to be paid within the taxable year in discharge of a debt. The Baldwin contract did not expressly deal with the disposition of the earnings and profits of the taxable year, nor did it require that any portion of petitioner's earnings and profits of the taxable year be used to redeem its preferred stock; and furthermore the amount so applied by petitioner was not "paid in discharge of a debt." Certificates of preferred stock do not evidence indebtedness, but an investment in the corporate enterprise. *Bolinger-Franklin Lumber Co.*, 7 B. T. A. 402, and authorities cited. See also *Helvering* v. *Richmond F. & P. R. Co.*, 90 Fed. (2d) 971; *Angelus Building & Investment Co.*, 20 B. T. A. 667; affd., 57 Fed. (2d) 130; *O. P. P. Holding Corporation*, 30 B. T. A. 337; affd., 76 Fed. (2d) 11.

Petitioner paid dividends during the taxable year on its preferred stock in the total amount of $26,268.21 and dividends on its common stock in the amount of $14,565, or total dividends of $40,833.21, for which respondent allowed petitioner a dividends-paid credit in computing surtax on undistributed profits. In our opinion petitioner is not entitled to any additional credit on account of redemption of its preferred stock pursuant to the Baldwin contract.

*Decision will be entered for respondent.*